McKinney, J.,
delivered the opinion of tire court.
This was an action of ejectment. The plaintiff’s recovered, by the judgment of the court, an undivided moiety of the land sued for, to reverse which judgment, an appeal in error has been prosecuted to this court.
The tract of land described in the declaration, descended to the lessors of the plaintiffs, and the defendant Robert "Wood, jointly, as the heirs at law of Thomas Wood, who died intestate in June, 1880. Upon the death of the intestate, the defendant, Robert Wood, was left in the sole and exclusive actual possession of said tract of land, and this possession was continued until the year 1843, when the entire tract was levied upon and sold at execution sale, as the property of Robert Wood, and was purchased by the other defendant Hubbard, after which Wood became the tenant of the purchaser, and in that character has remained ever since.
This action was commenced on the 18th of April, 1850, against Hubbard and Wood jointly, and they jointly defended the same. The period' of time which elapsed before the commencement of this action, from the death of Thomas Wood, falls short some two months of twenty years; and from the date of the sheriff’s sale is not quite seven years, the sale having been made on the third of June, 1843.
There is some discrepancy in the evidence as to the question, whether or not the possession of Robert Wood, prior to the Sheriff’s sale, was adverse to his co-tenants. But if the charge of the court were free from exceptions, there is no sufficient ground for disturbing the *285 verdict upon the facts of the case as presented in this record. 7
The defense relied upon was the statute of limitations. In his instructions to the jury, his Honor stated the law to he, that the effect of an adverse holding for the period of seven years by the -defendant "Wood against his co-tenants, “ would be to perfect his title under the first section of the act of limitations of 1819, to his own share in all the land, and to protect his possession of the balance of the land against the plaintiff, under the second section of the act.”
It seems to us that this is a mistaken conclusion. We take it to be too clear to admit of any discussion that a title by descant is an “ assurance ” of title within the meaning of the act of 1819.
All the modes of acquiring title to real property known to the law, are reducible to two: descent, where the title is vested in the heirs by operation of law, and purchase, which in contradistinction to descent, includes all other methods of acquiring title to land. 2 Blk. Com., 201.
Tenants in common, like joint tenants, have an unity of possession at least. The seisin and possession of each tenant in common is a seisin and possession, as well of every part as of the whole tract. And the title of each tenant, is a title extending to the whole tract. It must necessarily follow therefore — both the title and possession being entire — that the statute of limitations, if it be applicable at all in the present case, would operate to vest the defendant with an absolute indefeasible title to the whole tract, by virtue of the first section of the act of 1819.
*286 But to give effect to the statute of limitations, in favor of one tenant in common against another, an actual ouster must be clearly established. Nothing but an actual ouster, or what is held to be equivalent, can give a tenant in common an exclusive possession. The seisin and possession of one being the seisin and possession of the other; one can never be disseised by another*, without actual ouster. And the possession of one being consistent with the right of the other, and in support of their common title, the statute of limitations is to receive a strict construction in favor of the co-tenant not in actual possession, as the presumption is against an adverse possession between privies. 2 Bos. & Pul. 542. 5 Burr., 2604.
But an exclusive adverse possession of the whole tract of land or the exclusive receipt of the rents and profits, no demand being made by the other tenant, or if made> refused, and his title denied, may be evidence of a disseisin or actual ouster. And in England in such a case, after the expiration of the period requisite to form the bar of the statute, the jury would be directed to presume an actual ouster, and the right of the co-tenant would be held to be barred by the statute of limitations. Cowper’s R., 217. See Angel on Lim., ch. 32.
Other positions assumed in the charge, which we deem erroneous, are dependent upon, and result from the mistaken view of the court upon the point before stated, and therefore need not be noticed.
Let the judgment be reversed, and the case be remanded for a new trial.